UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA VANOVERBECK,<br><br>      Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>      Defendant. | Case No. CV 13-8665 JC<br><br>MEMORANDUM OPINION |

**I.   SUMMARY**

On December 5, 2013, plaintiff Amanda Vanoverbeck ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 9, 2013 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 15, 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 9, 90). Plaintiff asserted that she became disabled on December 31, 2009, due to scoliosis and a defective spine. (AR 120). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on August 2, 2012. (AR 25-49).

On September 14, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 9-15). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: musculoligamentous strain of the cervical spine and dextroscoliosis of the thoracic spine (AR 11); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 12); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[2] (AR 12); (4) plaintiff could perform her past relevant work as a telemarketer (AR 15); and (5) plaintiff's allegations regarding her

///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2] The ALJ determined that plaintiff: (i) could stand and walk for four hours, and sit for four hours in an eight-hour workday; (ii) needed a sit/stand option which allowed her to alternate positions at least once per hour; and (iii) could occasionally balance, stoop, crouch, crawl and kneel. (AR 12).

limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 14).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///

|   |   |   |
|---|---|---|
| | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated Plaintiff's Credibility

#### 1. Pertinent Law

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). "To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

///

1    To find a claimant not credible, an ALJ must rely either on reasons
2 unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal
3 contradictions in the claimant's statements and testimony, or conflicts between the
4 claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work
5 record, unexplained or inadequately explained failure to seek treatment or to
6 follow prescribed course of treatment).  Orn, 495 F.3d at 636; Robbins, 466 F.3d
7 at 883; Burch, 400 F.3d at 680-81; Social Security Ruling 96-7p.  Although an
8 ALJ may not disregard a claimant's testimony solely because it is not substantiated
9 affirmatively by objective medical evidence, the lack of medical evidence is a
10 factor that the ALJ can consider in his or her credibility assessment.  Burch, 400
11 F.3d at 681.
12    Questions of credibility and resolutions of conflicts in the testimony are
13 functions solely of the Commissioner.  Greger, 464 F.3d at 972.  Accordingly, if
14 the ALJ's interpretation of the claimant's testimony is reasonable and is supported
15 by substantial evidence, it is not the court's role to "second-guess" it.  Rollins v.
16 Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

17    **2.    Discussion**

18    Plaintiff contends that the ALJ inadequately evaluated the credibility of her
19 subjective complaints.  (Plaintiff's Motion at 2-5).  The Court finds no material
20 error in the ALJ's assessment of plaintiff's credibility
21    First, the ALJ properly discredited plaintiff's subjective complaints as
22 inconsistent with plaintiff's relatively conservative medical treatment.[3]  See, e.g.,
23 Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered,

---

[3]Although plaintiff does not address this basis for discounting the credibility of her subjective symptom testimony (Plaintiff's Motion at 2-5), it is reasonable to infer from the discussion in the administrative decision that the ALJ did.  (AR 14); see Molina, 674 F.3d at 1121 ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned.") (citations and internal quotation marks omitted).

as part of credibility evaluation, treating physician's failure to prescribe, and claimant's failure to request, medical treatment commensurate with the "supposedly excruciating" pain alleged, and the "minimal, conservative treatment") (citing Bunnell, 947 F.2d at 346); see Fair, 885 F.2d at 604 (ALJ permissibly considered discrepancies between the claimant's allegations of "persistent and increasingly severe pain" and the nature and extent of treatment obtained).  For example, as the ALJ noted, contrary to plaintiff's allegedly disabling pain, plaintiff reported to an examining physician, in part, that (1) plaintiff had previously been prescribed chiropractic treatment, use of an inversion table at home, and the use of "occasional over the counter pain medication"; (2) plaintiff's current medication included Vicodin and Flexeril; and (3) plaintiff had not had any surgery, and did not wear a brace.  (AR 14, 165).  As the ALJ also discussed, plaintiff's treatment records reflect generally routine examinations for her back pain and multiple unrelated medical issues, continued treatment with Vicodin (for pain) and Flexeril (a muscle relaxant), and instructions for plaintiff to return on a relatively routine basis (*i.e.*, "one month[]" or "as needed").  (AR 13-14) (citing Exhibit 1F [AR 152-59]; Exhibit 10F [AR 189-225]).

      Second, the ALJ properly discounted plaintiff's credibility in part because plaintiff's pain allegations were not fully corroborated by the objective medical evidence.  See Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted).  For example, as the ALJ noted, despite plaintiff's complaints of sever back pain, "treatment notes from Harbor Community Clinic . . . do not contain any diagnostic studies or any other treatment notes or medical records confirming the severity of

[plaintiff's] scoliosis." (AR 13) (citing Exhibit 1F [AR 152-59]). In addition, progress records from Dr. Tahisini (who treated plaintiff for slightly over four months for lumbago, chronic pain syndrome, spasm of muscle and scoliosis) noted tenderness in plaintiff's cervical and thoracic spines but otherwise generally unremarkable findings on physical examination. (AR 13) (citing Exhibit 10F at 2-4 [AR 189-91]). Other records from Dr. Tahisini reflect routine visits for various medical issues with generally unremarkable findings on physical examination. (AR 189-225).

Finally, the ALJ discounted plaintiff's credibility, in part, based on plaintiff's one-month employment as a census worker. (AR 14) (citing Exhibit 1E at 2 [AR 107]). As plaintiff notes, such a brief period of work is not a clear and convincing reason for discrediting plaintiff's pain complaints. See, e.g., Lingenfelter, 504 F.3d at 1039-40 (claimant's failed attempt to work for nine weeks not clear and convincing reason for discrediting claimant). Nonetheless, any error was harmless, in part, since, the remaining reasons identified by the ALJ for discrediting plaintiff's testimony are supported by substantial evidence and any such error would not negate the validity of the ALJ's ultimate credibility conclusion in this case. See Molina, 674 F.3d at 1115 (citations omitted) (Where some reasons supporting an ALJ's credibility analysis are found invalid, the error is harmless if (1) the remaining "valid" reasons provide substantial evidence to support the ALJ's credibility conclusions, and (2) "the error does not negate the validity of the ALJ's ultimate [credibility] conclusion.") (quoting Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1197 (9th Cir. 2004)) (citation and internal quotation marks omitted).

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

///
///
///

B.  **The ALJ Properly Considered the Lay Witness Testimony From Plaintiff's Boyfriend's Mother**

   1.  **Pertinent Law**

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to work).

   2.  **Analysis**

Here, plaintiff contends that the ALJ failed to provide sufficient reasons for rejecting lay testimony regarding plaintiff's abilities provided by plaintiff's boyfriend's mother, Georgene Hand. (Plaintiff's Motion a 5-6) (citing AR 40-46). To the extent the ALJ erred in evaluating Ms. Hand's testimony, any error was harmless.

As plaintiff correctly notes, to the extent the ALJ rejected Ms. Hand's lay testimony because it was not supported by the medical evidence, the ALJ's reason was inadequate. See Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009) (ALJ

///

may not discredit competent lay testimony simply because it is "not supported by medical evidence in the record") (citation omitted).

Nonetheless, any error in the foregoing respect was harmless because Ms. Hand's testimony essentially mirrored plaintiff's own allegations regarding her limitations. (Compare AR 30-40 [plaintiff's testimony] with AR 40-46 [Ms. Hand's testimony]). Since, as discussed above, the ALJ provided clear and convincing reasons for rejecting plaintiff's own subjective complaints, it follows that the ALJ had germane reasons to reject Ms. Hand's similar statements. See Valentine v. Commissioner of Social Security Administration, 574 F.3d 685, 693-94 (9th Cir. 2009) (ALJ properly discounted wife's testimony for same reasons used to discredit claimant's complaints which were similar); see also Molina, 674 F.3d at 1121-22 ("[A]n ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'") (citation omitted, brackets in original).

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 25, 2014

                                      /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE